# IN THE COURT OF APPEALS OF IOWA

No. 15-0667
Filed October 12, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ERIN WALLACE,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, John D. Lloyd, Judge.

A defendant appeals her conviction for attempted alluding. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Erin Wallace appeals her conviction for attempted eluding following a jury trial. The only claim she raises on appeal is that the transcript of the trial fails to include the reading of the verdict by the jury or indicate whether the jurors were polled. The trial transcript ends with the court advising the jury at the start of deliberations that they would not be kept "past 5:00, but we'll let you get started on it this afternoon," and the transcript then notes a recess was taken at 4:41 p.m. The next entry in the transcript is the start of the sentencing hearing several months later. The court record does contain the written jury verdict form, finding Wallace guilty of the crime charged, and it is signed by the jury foreperson.

Iowa Rule of Criminal Procedure 2.22(5) requires a jury that has reached a unanimous verdict to bring the verdict to court where it is to be read, and the parties are then allowed to require a poll be taken, asking each juror if the verdict read is the juror's verdict. Wallace claims the lack of a record indicating that this procedure was followed was likely an honest clerical mistake that no one noticed until the transcript was prepared for appeal. She speculates that if the verdict was not unanimous or there was some disagreement among the jurors, then counsel would have been ineffective in failing to file a motion in arrest of judgment. However, Wallace also concludes that given the straightforward and undisputed facts of the case and the short duration of the deliberations[1] it is unlikely the verdict was not unanimous or that polling the jury would have made a substantive difference. The remedy Wallace requests for this transcript gap is to

---

[1] The order setting the sentencing hearing was entered at 5:09 p.m. the same day the trial concluded.

preserve "the issues of what took place when the jury came back from deliberations, and what, if anything, trial counsel should have then done" for postconviction proceedings.

When there is a lack of a record as to what occurred at the district court, our rules of procedure provide methods by which such a record can be created for appellate review. *See* Iowa R. Crim. P. 2.25 (noting a bill of exceptions can be made to "make the proceedings or evidence appear of record which would not otherwise so appear" and such exceptions can "be taken to any action or decision of the court which affects any other material or substantial right of either party, whether before or after the trial of the indictment, or on the trial"); Iowa R. App. P. 6.806 (providing the procedure for a party to "create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal"). Wallace could have contacted trial counsel, the prosecutor, and the presiding judge to have a record created to fill in the gap in the transcript that is now complained of on appeal. Wallace failed to do so, and we see no reason to preserve a speculative claim for postconviction relief that Wallace admits has no merit.

We therefore affirm her conviction.

**AFFIRMED.**